IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **OSBORNE RAY THOMPSON,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-568-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Osborne Ray Thompson, TDCJ-ID #674901, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Thompson is currently serving a fifteen-year sentence for a 1994 conviction in cause number 675937 for engaging in organized crime in the 208th District Court of Harris County, Texas. *Ex parte Thompson*, Application No. WR-63,654-01, at 98. On March 10, 2000, Thompson was released on mandatory supervision, however his release was revoked on November 25, 2003, by the Texas Board of Pardons and Paroles (the Board). *Id.* at 30, 34, 38-39. On January 31, 2005, Thompson filed a state habeas application challenging the revocation proceedings, which was denied without written order on the findings of the trial court on January 11, 2006. *Id.* at 2.[1] Thompson filed this federal petition on August 14, 2006.[2]

D. ISSUES

Thompson claims TDCJ denied him due process and due course of law by revoking his mandatory supervision without a hearing and on the basis of new criminal charges that had been dismissed. (Petition at 7; Pet'r Memorandum of Law at 3.)

E. RULE 5 STATEMENT

Quarterman contends that Thompson's petition is time-barred, however he reserves the right to address of the issue of exhaustion if necessary. (Resp't Answer at 3.)

---

[1] Thompson filed a second state habeas application on November 28, 2005, challenging TDCJ's calculation of his sentence start date and forfeiture of his street time, which was dismissed without written order pursuant to § 501.0081(b)-(c) of the Texas Government Code. *Ex parte Thompson*, Application No. 63,654-02, at cover; TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004) (providing inmate must generally pursue time credit claim through prison's time credit dispute resolution process before seeking state collateral review).

[2] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing).

F.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period began to run, namely, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.  Thompson's claims regarding the revocation proceedings were known, or could have been discovered through due diligence, on the date of the revocation proceedings or shortly thereafter.  Accordingly, Thompson knew or should have known of the

factual basis for his claims at the latest on November 25, 2003, the date his mandatory supervision was revoked. He had one year thereafter, or until November 25, 2004, within which to timely raise his claims in a federal habeas petition, subject to any applicable tolling.

Thompson's relevant state habeas application filed after limitations had already expired does not entitle him to statutory tolling under § 2244(d)(2). Nor has Thompson demonstrated that he is entitled to equitable tolling. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In his reply to Quarterman's answer, Thompson lists various alleged actions on the part of his parole officer, TDCJ, and/or the Board that he argues created an impediment to his seeking state and federal habeas corpus relief in a timely manner, thus entitling him to equitable tolling. (Pet'r Response at 2-8.) However, Thompson's allegations, even if true, do not amount to sufficiently rare and exceptional circumstances justifying application of the doctrine here.

Absent any applicable tolling, Thompson's federal petition was due on or before November 25, 2004. Therefore, his petition filed on August 14, 2006, is untimely.

## II. RECOMMENDATION

Thompson's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 4, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 4, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

5

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November  13 , 2006.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE