U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 6 2006
CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OSBORNE RAY THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-568-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Osborne Ray Thompson ("Thompson") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On November 13, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by December 4, 2006. Thompson timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or

conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Thompson filed his federal petition for writ of habeas corpus in this court on August 14, 2006, pursuant to 28 U.S.C. § 2254.  The magistrate judge found that the applicable statute of limitations ran on Thompson's petition on November 25, 2004 and thus his petition should be dismissed as time-barred.  Thompson, in turn, makes one objection that addresses this finding.  He argues that his petition should not be time-barred because the parole board, in revoking his applications for parole, never informed him of the factual reasons for it's denial of those applications.  Thus, according to Thompson, he was unable to diligently pursue a writ of habeas corpus and urges the court to apply equitable tolling to his petition.  Thompson's explanation for his untimely petition, however, does not rise to the level of a rare and exceptional circumstance beyond a prisoner's control that would have made it impossible to file his petition on time.  See Davis v. Johnson, F.3d 806, 811 (5th Cir. 1998).  The court concludes that because Thompson has failed to meet his burden of establishing entitlement to any equitable tolling, his petition should be dismissed as time-barred.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the

2

petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED December 6, 2006.

_____
JOHN McBRYDE
United States District Judge